EXHIBIT E

**STATE OF NEW YORK**
**SUPREME COURT COUNTY OF ONONDAGA**

**SHAUN ATKINSON and VENESSA ATKINSON,**

**Plaintiff,**

**-vs-**

**EILERSON DEVELOPMENT CORPORATION, a/k/a EDC, CAMERON GROUP, LLC , MOVIE TAVERN THEATRES, LLC., and SOUTHERN THEATRES, LLC,**

**Defendants.**

**Plaintiffs designate Onondaga County as the place of trial.**

**SUMMONS**

**Index No.**
**RJI No.**

**The basis of venue is Situs Plaintiffs reside at 202 Melrose Ave. Syracuse, NY 13206**

TO THE ABOVE NAMED DEFENDANT(S):

**YOU ARE HEREBY SUMMONED,** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiffs' attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if the Summons is not personally delivered to you within the state of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED: 9/1/2016

David B. Snyder, Esq.
SNYDER LAW FIRM, PLLC
Attorneys for the Plaintiff
6876 Buckley Road
Syracuse, New York 13212
(315) 451-3040

Defendants' Addresses:

EDC
1660 Huguenot Road
Midlothian, VA 23113

Cameron Group
6007 Fair Lakes Road, Suite 100
East Syracuse, NY 13057

Movie Tavern Theatres, Inc.
c/o C T Corporation System
111 Eighth Avenue
New York, NY 10011

Southern Theatres, LLC
935 Gravier St., Suite 1200,
New Orleans, LA 70112.

**STATE OF NEW YORK**
**SUPREME COURT COUNTY OF ONONDAGA**

**SHAUN ATKINSON and VENESSA ATKINSON,**

**Plaintiff,**

**-vs-**

**VERIFIED COMPLAINT**

**EILERSON DEVELOPMENT CORPORATION, a/k/a EDC, CAMERON GROUP, LLC , MOVIE TAVERN THEATRES, LLC., and SOUTHERN THEATRES, LLC,**
**Defendants.**

**Index No.**

Plaintiff, by and through their attorney, David B. Snyder, Esq. allege and show to the Court the following:

1. Plaintiff, Shaun Atkinson, is an individual, who resides at 202 Melrose Ave., Syracuse, NY 13206, County of Onondaga, State of New York.
2. Plaintiff Venessa Atkinson, is an individual, who resides at 202 Melrose Ave., Syracuse, NY 13206, County of Onondaga, State of New York.
3. That Plaintiff Shaun and Venessa Atkinson were married on August 18, 2012 and had twin sons named [redacted] and [redacted] born on [redacted]
4. Upon information and belief that Cameron Group, LLC (hereinafter referred to as "Cameron") is a domestic limited liability company, incorporated in the State of New York, with a principal place of business at 6007 Fair Lakes Road, Suite 100, East Syracuse, NY 13057.
5. Upon information and belief and at all times pertinent hereto, Defendant, Eilerson Development Corporation (hereinafter referred to as "EDC"), is a foreign corporation

incorporated in the State of Virginia, with its principal place of business at 1660 Huguenot Road, Midlothian, VA, 23113 and licensed to do business in New York.

6. Upon information and belief and at all times pertinent hereto, C & D LaFace Construction, Inc. (hereinafter referred to as "Laface"), is a New York State based company, with its principal place of business at 3721 New Court Ave, Syracuse, NY

7. Upon information and belief and at all times pertinent hereto, Defendant, Movie Tavern Theatres, LLC. (herein "Movie Tavern"), is a foreign limited liability company, incorporated in the State of Louisiana, with a principal place of business at 935 Gravier St., Suite 1200, New Orleans, LA 70112.

8. Upon information and belief and at all times pertinent hereto, Defendant, Southern Theaters, LLC (herein "Southern") is a foreign limited liability company, incorporated in the State of Louisiana, with a principal place of business at 935 Gravier St., Suite 1200, New Orleans, LA 70112.

9. Upon information and belief that Movie Tavern Theatres, LLC is a subsidiary of Southern Theaters, LLC.

10. Upon information and belief that Movie Tavern operates in-dining movie theaters across the country.

11. Upon information and belief that on or about November 5, 2015, a Movie Tavern Theater was being constructed at 180 Township Boulevard, Camillus, NY 13031.

12. Upon information and belief that Cameron is the owner of the property located at 180 Township Boulevard, Camillus, NY 13031.

13. That on or about November 5, 2015, EDC was the general contractor for the Movie Tavern construction taking place at 180 Township Boulevard, Camillus, NY 13031.

14. That or about November 5, 2015, LaFace was the subcontractor for the Movie Tavern construction taking place at 180 Township Boulevard, Camillus, NY 13031.
15. That on or about November 5, 2015, Plaintiff Shaun Atkinson (hereinafter "Shaun Atkinson"or "Shaun"), was employed by LaFace as a Mason.
16. That on or about November 5, 2015, Jason Miller (hereinafter "Miller") was employed by LaFace as a foreman.
17. That on or about November 5, 2015, Shaun Atkinson and Miller were working on the Movie Tavern construction, at 180 Township Boulevard, Camillus, NY 13031.
18. That on or about November 5, 2015 at approximately 9:20 am Miller was operating a 10,000 pound forklift at 180 Township Boulevard, Camillus, NY 13031.
19. On November 5, 2015, at approximately 9:20 am, Miller attempted to make a left hand turn when the rear tire swung out catching Shaun Atkinson's boot.
20. Miller failed to make himself properly aware of his surroundings or to be aware of the area prior to striking Shaun Atkinson.
21. That the machine Miller operated ran up and over Shaun Atkinson dragging Shaun underneath the forklift, where he was run over several times, and where the forklift remained on top of him for a period of time.
22. That as a result of the incident Shaun was rushed to Upstate University Hospital, where his diagnosed injuries included, but were not limited to, the following:
    a. Multiple closed fractures of the pelvis with unstable disruption of the pelvic circle; fractures include the following:
        i. Comminuted fracture of right sacral ala extending to the sacroiliac joint;
        ii. Fracture of the right sacrum extending to the right S2 neural foramen;

iii. Mildly displaced fracture of the right superior pubic ramus;

iv. Fractures of bilateral inferior pubic rami;

v. Comminuted fracture of the left anterior acetabulum extending to the left superior pubic ramus

vi. Mildly displaced fracture of the Coccyx;

b. Closed displaced fracture of third metatarsal bone of left foot;

c. Closed displaced fracture of second metatarsal bone of left foot;

d. Dislocation of metatarsophalangeal joint of lesser toe of left foot;

e. Closed displaced fracture of neck of left scapula

f. Urethral disruption;

g. Abrasion of flank;

h. Skin necrosis;

i. Pelvic hematoma;

j. Acute blood loss, anemia;

k. And multiple other traumas results from the incident.

23. That as a result of the aforementioned injuries Shaun had to undergo the following surgeries:

a. Percutaneous skeletal fixation of the right posterior pelvic ring;

b. Placement of an anterior pelvic external fixator;

c. Open reduction and fixation of the 4th metatarsophalangeal joint dislocation:

d. Split-thickness skin graft to the left flank open wound; and

e. Placement of SPC for the urethral transsection.

24. Shaun was confined to a hospital bed from 11/5/2015- 12/21/2015, and subsequently released to a home, with continued assistance, where he remains to the date of this complaint.

25. Upon information and belief Defendants failed to do the following:

    a. follow applicable codes, statutes, laws, rules, regulations and ordinances in violation of Labor Law § 241(6);

    b. exercise the degree of skill, reasonable care and diligence in providing a safe workplace for Plaintiff in violation of Labor Law § 200;

    c. properly supervise their agents, servants and/or employees;

    d. maintain and provide all reasonable and proper tools and equipment;

    e. provide proper and necessary training;

    f. properly inspect equipment;

    g. ensure that appropriate records were kept in accordance with New York building requirements and Labor Law;

    h. employ sufficient, competent and/or qualified agents, servants and/or employees;

    i. and were otherwise negligent in the ownership, operation, management, maintenance, control, supervision and inspection of their agencies, programs, employees or agents, ensure a safe work environment; and was otherwise careless and negligent.

26. As a result of the foregoing, Plaintiff, Shaun Atkinson, was caused to suffer severe pain and suffering, mental and emotional damages, severe and permanent damage to his pelvis, back, left leg and foot, loss of income, future lost income, future pain and suffering, including future surgeries and rehabilitation and an overall decrease in the

quality of life as a result of the negligence of Defendants and its failure to follow the Labor Law of New York.

27. The Defendants' negligence is the direct and proximate cause of Plaintiff's injuries.

**THE PLAINTIFFS RESTATE AND RE-ALLEGE EACH AND EVERY ALLEGATION PREVIOUSLY SET FORTH IN THIS COMPLAINT AND FURTHER ALLEGE THAT PLAINTIFF, VENESSA ATKINSON, SUFFERED AS A RESULT OF THE DEFENDANTS' NEGLIGNECE.**

28. At all times relevant hereto, Plaintiff Venessa Atkinson was the spouse of plaintiff, Shuan Atkinson and lived together at their residence with their two new born sons.

29. As a result of the above, Plaintiff Venessa Atkinson has been caused the loss of Shaun Atkinson's companionship, services, society, emotional support, love and consortium.

30. The Defendants' negligence is the direct and proximate cause of Plaintiff's injuries.

**WHEREFORE,** Plaintiff demands judgment against Defendant(s) in an amount to be determined by a jury, together with the costs and disbursements of this action and for such other and further relief as this Court deems just and proper

David B. Snyder, Esq.
SNYDER LAW FIRM, PLLC
Attorneys for the Plaintiff
6876 Buckley Road
Syracuse, New York 13212