EXHIBIT F

CALLAHAN & FUSCO LLC Attorneys at Law
103 EISENHOWER PARKWAY | SUITE 400
ROSELAND | NEW JERSEY | 07068 | 877-618-9770

Johan A. Obregon, Esq. | Associate
103 Eisenhower Parkway, Suite 400
Roseland, New Jersey 07068
877-618-9770 | F: 973-618-9772
jobregon@callahanfusco.com

Roseland, NJ | New York, NY | Buffalo, NY | Philadelphia, PA | Ft. Lauderdale, FL | Tampa, FL

June 1, 2018

**VIA REGULAR MAIL &**
**CERTIFIED MAIL/**
**RETURN RECEIPT REQUESTED**

C&D Laface Construction Inc.
3721 New Court Avenue
Syracuse, New York 13206

Selective Insurance Company of America
PO Box 480
Branchville, NJ 07826-0480

**Re: Atkinson v. Eilerson Development Corporation, et al.**
**Policy No.: S2056307**
**Index No.: 004808/2018**
**Date of Loss: November 5, 2015**
**Our File No.: AMERIS-035**

Dear Sir/ Madam:

Our office represents Eilerson Development Corporation ("EDC") with respect to a litigation commenced by the plaintiffs, Shaun Atkinson and Vanessa Atkinson, presently pending in the Supreme Court of New York, Onondaga County, and bearing Index Number 004808/2018. Annexed hereto as **Exhibit "A"** is a copy of said Complaint.

The aforementioned litigation arises out of allegations that the plaintiff, Shaun Atkinson, was struck by a forklift being operated by Jason Miller, an employee of C&D Laface Construction, Inc., at a construction site located at 180 Township Boulevard, Camillus, New York (hereinafter referred to as the "Subject Premises"), on November 5, 2015, and alleges to have suffered personal injuries.

On or about September 9, 2015, EDC entered into a Subcontract Agreement ("Agreement") with C&D Laface Construction, Inc. ("C&D Laface") for certain work to be performed. The Agreement identifies EDC as the "Contractor" and C&D Laface as the "Subcontractor". Said Agreement was in full force and effect on November 5, 2015. Annexed hereto as **Exhibit "B"** is a copy of the Agreement. Further, annexed hereto as **Exhibit "C"** is a copy of the Certificate of Liability Insurance provided to EDC by C&D Laface.

The Agreement contains the following relevant provisions:

Paragraph 4, Insurance.

4.1 – The Subcontractor shall procure and maintain all Subcontractor's own expense, during the entire contract time, Liability Insurance as hereinafter specified:

a. Business Automobile Liability shall be provided for a Combined Single Limit of at least $1,000,000 for Bodily Injury and Property Damage. Coverage shall include owned, leased, hired and non-owned vehicles. ***Contractor shall be named as Additional Insured.***

c. Commercial General Liability shall be provided for a Combined Single Limit of at least $1,000,000 for each occurrence, $1,000,000 Personal Injury and Advertising Liability, $2,000,000 Products and Completed Operations aggregate and $2,000,000 general aggregate. The Policy shall contain no restrictions for contractual liability […]. ***Contractor shall be named as additional insured***, per form CG2010 1185 or equivalent. […]. Subcontractor's insurance shall be primary and non-contributing so that the Contractor's policy will not respond until the limits under the Subcontractor's policy are exhausted.

Paragraph 5, Indemnification.

5.1 – The subcontractor shall indemnify and hold harmless Contractor and its agents and employees from and against any and all liability, suits, actions, claims, damages, losses, judgments, settlements, costs and expenses, including attorney's fees and litigation cost (including fees and expenses of consultants and/ or expert witnesses), arising out of, relating to or resulting from the Subcontractor's performance of the Work, provided that such suit, action, claim, damage, loss, or expense is attributable to bodily injury […], and is caused in whole or in part by any negligent or willful act or omission of the Subcontractor, its sub-contractors, supplies, anyone directly or indirectly employed by Subcontractor or anyone for whose acts Subcontractor may be liable.

5.2 – In any or all claims against Contractor, or any of its agents or employees, by any employee of the Subcontractor, anyone directly or indirectly employed by Subcontractor, or anyone for whose acts any of them may be liable, the indemnification obligation shall not be limited in any way by any limitation on the amount or type of damages, compensation, or benefits payable by or for the

Subcontractor under workers compensation acts, disability benefits acts, or any other employee benefit acts.

Based upon the Agreement, EDC was to be named as an Additional Insured under the insurance policy of C&D Laface. Further, based upon the Agreement, EDC is entitled to defense and indemnification from C&D Laface and/ or its liability insurer.

EDC hereby demands and request that its defense and indemnity obligations be assumed by C&D Laface and/ or its liability insurer pursuant to its required additional insured status as well as the contractual defense and indemnification provisions in the aforementioned Agreement.

Based upon the foregoing, we request that you confirm within the next ten (10) days that C&D Laface, will honor its contractual obligation to have EDC added as an additional insured and defend and indemnify EDC regarding this action. Please be advised that should C&D Laface, fail to fulfill its contractual obligations in this matter, EDC will have no other alternative but to take legal action to obtain an Order enforcing same, and shall seek reimbursement for any legal expenses and costs incurred should legal action be required.

Please be guided accordingly.

Sincerely,

JOHAN A. OBREGON

JAO/smc
Enclosures

cc: *Via Regular mail and certified mail*

C&D Laface Construction Inc.
PO Box 1011
Cicero, New York 13039

C&D Laface Construction Inc.
8269 Brewerton Road
Suite B
Cicero, New York 13039

C.H. Insurance Brokerage Services Co., Inc.
Attn: John F. Sereno
100 Madison Street
Suite 100
Syracuse, New York 13202